## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **CHARLES ROY TANKERSLEY and** | § | **Case No. 18-11027-tmd** |
| **NANCY LOUISE TANKERSLEY,** | § | **(Chapter 13)** |
| *Debtors* | § | |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

GILLESPIE COUNTY, TEXAS, for itself and acting on behalf of its duly elected and appointed officials, employees, agents and attorneys (collectively referred to as "Gillespie County"), seeks relief from the automatic stay of 11 U.S.C. §362, to allow Gillespie County to make final disposition of certain animals belonging to CHARLES ROY TANKERSLEY and/or NANCY LOUISE TANKERSLEY, pursuant to the provisions of Chapter 821 of the Texas Health and Safety Code. In support of such requested relief, Gillespie County would respectfully show the Court the following:

1.      This Chapter 13 case was commenced by Voluntary Petition filed by the Debtors on August 6, 2018 (the "Petition Date") [ECF Doc. No. 1]. The Meeting of Creditors required by Section 341 of the Bankruptcy Code was held and concluded on September 5, 2018. A Chapter 13 Plan has been filed but has not yet been confirmed in this case.

2.      According to the Debtors' Schedules, the Debtors are the owners of a single-family home and approximately 100 acres of land out of Abstract A0673 SPRR Co#1, Gillespie County, Texas (the "Real Property"), which the Debtors hold for investment purposes. The Real Property is locally known as 916 Middle Creek Road, Fredericksburg, Texas 78624, which is in the confines of Gillespie County, making the Real Property and activities thereon subject to Gillespie County's

jurisdiction. The Real Property is not claimed as exempt by the Debtors because another property, situated in Travis County, Texas, is claimed by the Debtors as their homestead [ECF Doc. No. 10, Schedules A and C, pages 2 and 11 of the pdf file].

3.      On or about July 25, 2018, prior to the Petition Date, Gillespie County's Sheriff's Department received a complaint from a concerned citizen about a number of farm animals situated on the Real Property. The Sheriff's Department promptly conducted a welfare check on the animals and determined that one bull, one cow and one calf were already deceased on the Real Property and that a number of other animals at the site showed signs of neglect or ill-treatment. Dr. Amy Jo Pilner, DVM, a veterinarian associated with Hill Country Veterinary Clinic in Fredericksburg, rendered a written report on all the animals, including both those already deceased or dying, and those still living. According to Dr. Pilner's report, a copy of which is attached to this Motion as Exhibit "A", although some of the animals were in better condition than others, most were in distress and it was clear there was not enough grass, fresh grain, roughage and water on the Real Property to meet the animals' needs.

4.      On or about July 26, 2018, prior to the Petition Date, the Gillespie County's Sheriff's Department took possession of the animals still alive and left the carcasses of the deceased animals in the field on the Real Property. The horses and donkeys were taken to the Gillespie County Auction Barn for safekeeping and proper care and the cattle were taken to Hill Country Veterinary Clinic to be treated. One additional calf died during treatment at the Veterinary Clinic. A copy of the Sheriff's Department's Incident/ Offense Report of its officers' actions and findings on July 25 and 26 2018 is attached to this Motion as Exhibit "B".

5.      On August 21, 2018, after the Petition Date, a written order was entered by the Honorable Carl E. Schoessow, Justice of the Peace for Precinct Two of Gillespie County, Texas,

pursuant to Section 821.023 of the Texas Health and Safety Code.  A true and correct copy of Judge Schoessow's written order is attached to this Motion as Exhibit "C".  Based on testimony and other evidence presented at a hearing before Judge Schoessow on August 15, 2018, the judge found that the following animals had been "cruelly treated by Charles Tankersley and Nancy Tankersley as defined by the Texas Health and Safety Code §821.021(1)":  Brown Horse, Paint Horse, Cream/Palomino Horse, two (2) Black Cows, two (2) Black Calves, Black Bull, one (1) Grey Donkey and one (1) White Donkey.  Parenthetically, the order noted that one cow, one calf and the bull are deceased.  Thus, the remaining live animals at the time of Judge Schoessow's order were the Brown Horse, the Paint Horse, the Cream/Palomino Horse, one Black Cow, one Black Calf and the two Donkeys.  Judge Schoessow's written order further directed that the cruelly-treated animals "shall remain in the possession of the Gillespie County Sheriff's Office or its agents pending further orders of the court for their care, safety and rehabilitation.  Judge Schoessow's written order also stayed "further findings and orders that could be issued pursuant to Texas Health and Safety Code §821.023 pending any findings, instructions or orders as set forth by the Honorable Judge of the U.S. Bankruptcy Court, Western District of Texas, in Case Number 18-11027."

6.     Gillespie County asserts that any and all actions it took with respect to the animals in question, both before and after the Petition Date, are clearly within Gillespie County's police and regulatory power, and thus, pursuant to the exception stated in 11 U.S.C. §362(b)(4), not subject to the automatic stay of 11 U.S.C. §362(a).  These actions include the hearing before the Honorable Carl E. Schoessow, Justice of the Peace, described in Paragraph 5, above, the hearing conducted before Judge Schoessow on August 15, 2018, Judge Schoessow's written order of August 21, 2018, and all decisions made by Gillespie County regarding the housing, care and

3

treatment of the animals still alive, and any decisions made by Gillespie County regarding the disposition of the remains of the animals that died.

7. However, there remain the matters of: a.) making final disposition of the living animals, as they are the property of the Debtors in this case, Charles Tankersley and Nancy Tankersley; and b.) concluding the case now pending in the Justice Court for Precinct Two of Gillespie County, Texas (or any other court having jurisdiction of the matter, including but not limited to an appellate court), pursuant to Sections 821.0210 through 821.023 of the Texas Health and Safety Code. Gillespie County now asks this Court to modify the automatic stay to allow the Justice Court for Precinct Two of Gillespie County, Texas, or any other court having jurisdiction, to proceed to final judgment against the Debtors in accordance with the provisions of Chapter 821 of the Texas Health and Safety Code, including but not limited to the granting of all relief provided in Section 821.023 of the Texas Health and Safety Code, which provides for the assessment against the owner of certain costs and expenses, as provided in subsections (d), (e) and (e-1) through (e-4) of such section. Gillespie County has incurred, and continues to incur, significant expenses to transport, shelter and feed the animals, not to mention the significant cost of administrative time spent on this matter by Sheriff's Department personnel and other Gillespie County employees. Attached to this Motion as Exhibit "D" are copies of invoices for expenses incurred by Gillespie County to various vendors for feed, hauling and boarding the animals; these invoices do not include the county's internal costs for the work of its own personnel on this matter. Gillespie County does not seek authority to pursue collection of any such monetary award from the Debtors or from property of the estate, so long as this bankruptcy case is pending, but only seeks authority to liquidate the amounts owed and reduce its claims to judgment, so that Gillespie County may assert

any allowable claims in this case, whether such claims accrued before, on or after the Petition Date.

8.      Gillespie County also asks this Court, in the order granting relief under this Motion, to confirm that the actions previously taken by Gillespie County with respect to all of the animals, whether now living or dead, were within the legitimate police powers of Gillespie County and thus within the regulatory and police powers exception to the automatic stay provided for in 11 U.S.C. §362(b)(4).

9.      The facts and circumstances described in Paragraphs 1 through 8 of this Motion, above, constitute "cause" for terminating or modifying the automatic stay of 11 U.S.C. §362, so as to permit Gillespie County, its duly elected and appointed officials, employees, agents and attorneys, to: 1.) sell, donate or otherwise transfer ownership of any and all of the living animals described in this Motion;  2.) euthanize any animal which, in the judgment of Gillespie County personnel, is in need of such disposition, all in accordance with Sections 821.0210 through 821.023 of the Texas Health and Safety Code; and  3.) proceed to final judgment against the Debtors in accordance with the provisions of Chapter 821 of the Texas Health and Safety Code, including but not limited to the granting of all relief provided in Section 821.023 of the Texas Health and Safety Code, which provides for the assessment against the owner of certain costs and expenses, as provided in subsections (d), (e) and (e-1) through (e-4) of such section.

10.      This Court's order granting relief from the stay in this case should waive the provisions of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, in that the order should not be stayed for any period of time.  Gillespie County asks this Court to make its order granting relief from the stay effective immediately.

5

FOR THE REASONS STATED ABOVE, Gillespie County asks that this Court, after notice and a hearing, enter a written order permitting Gillespie County, its duly elected and appointed officials, employees, agents and attorneys, to: 1.) sell, donate or otherwise transfer ownership of any and all of the living animals described in this Motion; 2.) euthanize any animal which, in the judgment of Gillespie County personnel, is in need of such disposition, all in accordance with Sections 821.0210 through 821.023 of the Texas Health and Safety Code; and 3.) proceed to final judgment against the Debtors in accordance with the provisions of Chapter 821 of the Texas Health and Safety Code, including but not limited to the granting of all relief provided in Section 821.023 of the Texas Health and Safety Code. In addition to the foregoing, Gillespie County asks the Court to include in its written order a provision confirming that the actions previously taken by Gillespie County with respect to all of the animals, whether now living or dead, were within the legitimate police powers of Gillespie County and thus within the regulatory and police powers exception to the automatic stay provided for in 11 U.S.C. §362(b)(4). Gillespie County also asks the Court to waive the provisions of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and make this Court's order granting relief from the stay effective immediately upon entry, and that the Court grant such other and further relief the Court deems appropriate under the facts and circumstances of this case.

         /s/ Weldon Ponder
         B. WELDON PONDER, JR.
         Attorney at Law
         State Bar of Texas No. 16110400
         4408 Spicewood Springs Road
         Austin, Texas 78759
         Phone (512) 342-8222 / Fax (512) 342-8444

         ATTORNEY FOR MOVANT, GILLESPIE COUNTY,
         TEXAS ("Gillespie County")

**CERTIFICATE OF SERVICE**

    I, B. Weldon Ponder, Jr., the attorney for the Movant, Gillespie County, Texas, hereby certify that on this 11th day of October, 2018, a true and correct copy of the foregoing Motion was served upon each of the following parties or attorneys, by the method indicated:

Charles Roy Tankersley
Nancy Louise Tankersley
3704 Capistrano Trail
Austin, TX 78739
(Via U. S. Mail, first class postage prepaid)

Elizabeth June Hickson (Debtors' attorney)
4833 Spicewood Springs Rd., #200
Austin, TX 78759
(Served electronically, through the Court's CM/ECF noticing system)

Deborah B. Langehennig (Chapter 13 Trustee)
6201 Guadalupe St.
Austin, TX 78752
(Served electronically, through the Court's CM/ECF noticing system)

Abbey U. Dreher and Heather Gram-Chavez
Barrett Daffin Frappier T urner & Engel (Attorneys for Wells Fargo Bank, N.A.)
4004 Beltline Road, Suite 100
Addison, TX 75001

Jonathan B. Cluck (Attorney for Triple I Ranches, a Texas Partnership)
Nunley Jolley Cluck Aelvoet L.L.P .
1580 South Main Suite 200
Boerne, TX 78006
(Via U. S. Mail, first class postage prepaid, and via electronic mail to jcluck@texastriallaw.com and
jcluck@nunleyfirm.com )

United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701
(Served electronically, through the Court's CM/ECF noticing system)

       /s/ Weldon Ponder
       B. Weldon Ponder, Jr.

Exhibit "A"
Veterinarian's Report
Page 1 of 1

# Hill Country Veterinary Clinic
## 2257 S. State Hwy 16
## Fredericksburg, Texas 78624
## (830) 997-9576

Amy Jo Pilmer, DVM        Matt Feller, DVM

I arrived at the Tankersly property for a wellness check on his livestock, horses and donkeys. The land was approximately 100 acres, few mesquite trees and less than 5 percent available forage or grass. There was a large stock tank that was empty and ground was cracked, other than that I was told by law enforcement there were no other available sources of water by owner.

The first cow was found on her side dead: she was emaciated and looked very dehydrated, her age determined by her teeth was 4.5 years old. She had not been dead long and her ribs and hip bones were protruding. Cause of death starvation and dehydration.

The second animal was a dead bull found in the dry stock tank, he was bloated and decomposing, his age determined by his teeth was that he was an older bull greater than 8 years. Could not tell his body conformation due to the bloat of his body.

Upon arrival a calf was having a seizure and falling down his body condition was very poor and shortly after arriving at hill country vet for treatment he died.

One older emaciated cow and young skinny calf were both brought to hill country vet clinic for treatment for dehydration and starvation. They were released back to law enforcement after a few days here. They should make a full recovery.

Three horses were on the property a paint and a palamino that were both very underweight, ribs, withers and hips were showing. The sorrel horse was in better shape but all three horses need fresh grain, roughage and water to gain weight and recover.

Two donkeys were also on the property, the white donkey was underweight and the grey donkey looked somewhat healthy.

All the animals were lucky that a good samaritan stepped in and was able to give them hay and water for survival, the good  samaritan gave water and feed over the fence line to prevent from trespassing.

Thank you,

Amy Jo Pilmer DVM

Gillespie County Sheriff's Office
**INCIDENT/OFFENSE REPORT**
1601 E. Main Fredericksburg, Texas 78624 (830) 997-7585                     Sheriff Buddy Mills

| Case Number |
|---|
| 2018-00003061 |

## CALL INFORMATION

| Operator | Nature of Call Reported |
|---|---|
| Bell, Charalene | An8-Animal (Cruelty) |

| Reporting Method | Initial Call Reported By | Offense Address |
|---|---|---|
| By Phone | GOODMAN,CAYENNE<br>0 UNK<br>UNK AA 00000 | 916 MIDDLE CREEK RD<br>FREDERICKSBURG TX 78624 |

| Officer(s) Assigned | Date Assigned | Notified | Arrived | Cleared | Disposition |
|---|---|---|---|---|---|
| Kruse, James | 07/25/2018 | 3:59 PM | 4:30 PM | 6:06 PM | Incident Report |

## INCIDENT INFORMATION

| Investigator Assigned | Att/Compl | Area | Subdiv/Grid |
|---|---|---|---|
| Kruse, James | Completed | GCSO | |

| Incident Type | Inc/Off Date | Inc/Off Time | UCR Code | Status | Status Date |
|---|---|---|---|---|---|
| Animal Incident | 07/25/2018 -<br>07/25/2018 | 3:59 PM | | Closed | 07/26/2018 |

| Inc/Off Code | Offense Description |
|---|---|
| 72990039 | Cruelty To Livestock Anim Neglect/overwork |

## PROPERTY INFORMATION

| Category | Class | Description of Item(s) | Estimated Value | Disposition |
|---|---|---|---|---|
| | | | | |

## VEHICLE PROPERTY INFORMATION

| Year | Make | Model | Color | License | Description |
|---|---|---|---|---|---|
| | | | | | |

## PARTY INFORMATION

| Connection | Name | Aliases | Address | Phone | Sex | Height | Race |
|---|---|---|---|---|---|---|---|
| Complainant | Goodman, Cayenne Meadow | | 1008 Middle Creek Road<br>Fredericksburg, TX 78624 | 210-218-6606 | Female | 5 Ft. 4 In. | White |
| Suspect | TANKERSLEY, CHARLES | Tankersley, Charlie R<br>TANKERSLEY,<br>CHARLES | 3704 Capistrano Trail<br>Austin, TX 78739 | 512-292-0065<br>512-306-1555<br>512-801-2226<br>512-292-0065 | Male | 6 Ft. 1 In. | White |
| Suspect | TANKERSLEY, NANCY | Tankersley, Nancy L. | 3704 Capistrano Trail<br>Austin, TX 78739 | 512-306-1555<br>512-800-4465 | Female | 5 Ft. 7 In. | White |

Note: This report is furnished in compliance with the Texas Open Records Act, article 6252-17a Vernons Annotated Civil Statutes, case law, and published rulings relating to cases under investigation.

### Gillespie County Sheriff's Office
### Offense Report
### 2018-00003061
### Kruse, James
### 07/26/2018 9:50 AM

SYNOPSIS:
Report of possible animal cruelty. I arrived on scene, observed the animals on the property, and spoke to the property/animal owner. See narrative for further.

REPORTING OFFICER:
Deputy James Kruse

COMPLAINANT:
Cayenne Goodman, W/F (DOB: 05-23-1983)
1008 Middle Creek Road
Fredericksburg, Texas 78624

SUSPECT/PROPERTY & ANIMAL OWNER:
Charles Tankersley, W/M (DOB: 02-05-1963)
3704 Capistrano Trail
Austin, Texas 78739
&
Nancy Tankersley, W/F (DOB: 02-05-1963)
3704 Capistrano Trail
Austin, Texas 78739

PROPERTY WHERE ANIMALS ARE:
916 Middle Creek Road
Fredericksburg, Texas 78624

INCIDENT:
Animal Incident   Animal Cruelty
Cruelty to Livestock Animal Neglect/Overworked   Class A Misdemeanor

LOCATION:
916 Middle Creek Road
Fredericksburg, Texas 78624

NARRATIVE:

1. On Wednesday, July 25, 2018, at approximately 3:59 pm, I, Deputy James Kruse, was dispatched to 916 Middle Creek Road in reference to animal cruelty. Dispatch advised the complainant (Cayenne Goodman) wanted to remain anonymous and was not in town at this time. I called Cayenne and spoke to her over the phone.

2.  Cayenne advised that there was livestock (horses and cows) on the property behind hers (Cayenne lives at 1008 Middle Creek Road and the property with the concerned livestock is 916 Middle Creek Road).  Cayenne advised she is concerned because there is not water or food on the property.  I asked how long this has been going on.  Cayenne advised approximately 6 weeks.  I advised Cayenne that I would look into and check on the animals.

3.  I went to 916 Middle Creek Road (Charles Tankersley's property) to check on the livestock there.  I observed the gate was located and was unable to open it.  I jumped the fence to check on the livestock.  I observed some horses in the field next to the entrance to Charles' residence (still part of Charles' property).  I went to check on the animals I observed.  I observed three horses (1 light brown horse, a brown and with horse, a brown horse, two black calves, one white donkey, and one gray donkey.  I observe that the animals visually looked okay (on the thin side but okay).  It should be noted that the temperature has been 100 degrees and above (Friday    July 20th, 101 degrees, Saturday    July 21st, 101 degrees, Sunday    July 22nd, 103 degrees, Monday    July 23rd, 107 degrees, Tuesday    July 24th, 100 degrees, and Wednesday    July 25th, 98 degrees.                   This          information        was          obtained          from https://weather.com/weather/monthly).

4.  I photographed the livestock I had located and sent the photographs to Sergeant Ahrens to look at.  See documents for photographs I took.  I then started walking the property to make sure the livestock had all of the necessary essentials to survive on the property (food, water, and shelter).  I observed shelter in the field for the livestock.  I observed the field to have a lot of dead grass and Mesquite trees in the field.  I observed a lot of green weed type plants (but I am unable to tell if this is something the livestock would eat or not eat).  I observed a tank in the field as I walked it.  I observed there was no standing water in the tank but there was mud at the bottom of it.  I observed several different feed troughs but did not locate any food inside them.  I also observed several metal water troughs in the field with the livestock as well.  All metal troughs were empty and completely dry (no sign of water being in them).  While I was walking the field I was unable to see any hay feed spots either.  On one water trough I attempted to turn the water on (so the livestock would have some water) and it did not work.  I walked a lot of the field that the livestock is in; I was unable to locate any water sources or food (or hay drop off spots) sources.  I then walked back to my patrol unit.

5.  I called Charles and spoke to him over the phone.  I explained to Charles who I was and why I was calling.  Charles was displeased with me being on his property and checking on his livestock.  I explained to Charles what I found and that his livestock needed water and food.  Charles advised he was just there this weekend and there was water there.   Charles advised he will be coming tomorrow (Thursday, July 26, 2018) to give the livestock more water.  Charles advised me to stay off his property and that he will take care of his livestock.  I

advised Charles that I would have to make sure that water was given to the livestock.  Charles advised he said he would give them water and that he did not want me to go back on his property.  The phone conversation was ended at that time.

6.  I then contacted Sergeant James Ahrens and advised him what I was told and observed.  Sgt. Ahrens advised he would also call Charles and speak to him about the livestock as well.

7.  I also called Cayenne back and got her voice mail.  I left her a message.

8.  On Thursday, July 25, 2018, at approximately 6:33 pm, Deputy Kevin Gaston was dispatched to 916 Middle Creek Road in reference to a dead cow on the property.  It should be noted while I walked the property I did not locate the dead cow.  Deputy Gaston arrived on scene and photographed the dead cow, a live heifer, and the two calves that I had already photographed.  It should also be noted that I did not locate the heifer either while on scene.  It should be noted that Deputy Gaston did not see the other livestock that I had located.  It should also be noted that Charles property is approximately 100 acres.  I attached the photographs that Deputy Gaston to this case report.  See Deputy Gaston's case report for further actions he took (case number 2018-00003064).

9.  I was informed that Sgt. Ahrens did call and speak to Charles after I did.  See Sgt. Ahrens' supplement for what was said between Charles and he.  This case is still under investigation.

END REPORT:

### Gillespie County Sheriff's Office
### Supplementary Report
### 2018-00003061
### Kruse, James
### 07/26/2018 5:38 PM

SUPPLEMENT NARRATIVE:

1.  On Thursday, July 26, 2018, Sergeant James Ahrens, Sergeant Justin Cole, Deputy Sterling Hood, Constable Hilario Villa, and I went to 916 Middle Creek Road to secure the scene and have the livestock on the property examined by a Veterinarian (Hill Country Veterinary Clinic {2257 South State Hwy. 16, Fredericksburg, Texas}, Dr. Amy Pilmer).

2.  Deputies and the Constable arrived on scene and the entrance to the property was secured by a locked gate.  In the interested of securing the scene and preserving the safety of the livestock in the field; Deputy Hook and I cut the cable locking the gate.  Once the cable was cut Sgt. Ahrens, Sgt. Cole, and Deputy Hood entered the field to secure the scene and check on the livestock. Constable Villa and I went to the residence to speak to Charles Tankersley and his wife Nancy Tankersley.  I arrived at the residence with Constable Villa and spoke to Charles and Nancy.  I explained to the both of them why I was there and what was going on.  Charles was upset with me being on the property and I had to keep stating why I was there.  Once this was explained to Charles and Nancy; Constable Villa and I went to the field with Sgt. Ahrens, Sgt. Cole, and Deputy Hood.

3.  While in the field I observed the back neighbors from property 1008 Middle Creek Road had thrown out hay for the livestock to eat and had a container for the livestock to drink water out of (the container was on the property of 1008 Middle Creek Road and the Livestock would be able to get to it over the fence (see photos for better description).  I then photographed the heifer that Deputy Kevin Gaston had already took pictures of for case number 2018-00003064.  I also photographed the area were the neighbors were attempting to feed the livestock as well.  While photographing the area one of the black calves collapsed to the ground (near were the dead heifer was lying).  I observed the black calf have very shallow breathing and was unable to move.  Also while on scene another dead cow was located in a dried water tank.  I went to the water tank and photographed a black bull.  It appeared the bull has been there some length of time (was blotted and eyes were eaten out as well).

4.  After still seeing the condition of the livestock Sgt. Cole and I cleared the scene to obtain arrest warrants for Cruelty to Livestock Animals Neglect on Charles and Nancy (the owners of the property and animals).  It is Charles and Nancy's duty to take care and provide all of the necessities for the livestock.  At this time Charles and Nancy were not providing their livestock with any water (in

extreme heat) or food.  Before Sgt. Cole and I left the scene to complete arrest warrants for Charles and Nancy; it appeared that the calf that had fallen on the ground had passed away (leaving one dead heifer, one dead bull, and one dead calf).  I was later informed that the calf is in critical condition but did not pass away and is under the vets care.  The scene was secured deputies waited for Dr. Pilmer (Veterinary for Hill Country Veterinary Clinic) to arrive.

5.   Dr. Pilmer arrived on scene and examined the livestock on Charles and Nancy's property.  The cow that was photographed by Deputy Gaston (a black heifer), I was advised passed away from dehydration and malnourishment.  I was advised the heifer was approximately 4.5 years old as well.  I was also advised that the Dr. Pilmer stated that the heifer had thorns and stickers in its mouth area from attempting to eat cactus from malnourishment.  I was advised that bull passed away from dehydration and was most likely in the dried tank looking for water when it passed away.  I was also advised that the bull's teeth were worn down due to the bull possibly eating rocks attempting to find nourishment.  I was advised that the other live livestock (the three horses, two donkeys, one heifer, and the two calves were malnourished and extremely dehydrated.  It should also be noted that the livestock was by the property line of 1008 Middle Creek Road and 916 Middle Creek Road because the residence from 1008 Middle Creek Road were attempting to water and feed the livestock on Charles and Nancy's property.

6.  Once the Dr. Pilmer was done examining the livestock; the living livestock was removed from the field and the dead livestock was left in the field.  The horses, donkeys, and cows were removed by Rudy Schafer.  The horses and donkeys were taken to Gillespie County Auction Barn (for safe keeping and proper care) and the cows were taken to Hill Country Veterinary Clinic to be treated.

7.   Due to the wellbeing and health of the livestock on Charles and Nancy Tankersley's property (the 8 that were still alive and the three that had passed away); Charles and Nancy will be charged with Cruelty to Livestock Animals Neglect for not having proper water and food supplies for the livestock.  I completed ten warrants for Charles Tankersley for Cruelty to Livestock Animals Neglect and ten warrants for Nancy Tankersley for Cruelty to Livestock Animals Neglect as well (for all animals located on Charles and Nancy's property).  These warrants were turned signed by Judge Carl Schoessow and turned into the JP's Office.  At this time I went back in service.  Nothing further.

END SUPPLEMENT REPORT:

Exhibit "C"
Judge Carl E. Schoessow's Order
Page 1 of 2

### CAUSE NO. 45743-2

| | | |
|---|---|---|
| FOR THE PROTECTION OF | § | IN THE JUSTICE COURT |
| LIVESTOCK | § | PRECINCT TWO |
| OWNED BY CHARLES TANKERSLEY AND NANCY TANKERSLEY | § | GILLESPIE COUNTY, TEXAS |

### ORDER PURSUANT TO
### TEXAS HEALTH AND SAFETY CODE §821.023



On August 15, 2018, the issue of the animals alleged to be owned by Charles Tankersley and Nancy Tankersly, and further alleged to be cruelly mistreated, came before the Court for a hearing pursuant to Texas Health and Safety Code §821.022 and §821.023.  The State of Texas appeared, represented by her Gillespie County Attorney, Christopher Nevins.  Charles Tankersley and Nancy Tankersley, having notice, appeared in person, pro se.

The Court, after receiving evidence and hearing testimony of the parties for more than three hours, makes the following findings:

The Court hereby FINDS it has jurisdiction of this matter and the parties.

The Court hereby FINDS that Charles Tankersley and Nancy Tankersley are the owners and/or had custody or control of the following animals as defined in the Texas Health and Safety Code §821.021(3):

Brown Horse, Paint Horse, Cream/Palomino Horse, Two (2) Black Cows, Two (2) Black Calves, Black Bull, White Donkey, and a Grey Donkey (one cow, one calf and the bull deceased).

The Court hereby FINDS that said animals owned by and/or in the control or custody of Charles Tankersley and Nancy Tankersley were cruelly treated by Charles Tankersley and Nancy Tankersley as defined by the Texas Health and Safety Code §821.021(1).

The Court hereby ORDERS that the animals cruelly treated shall remain in the possession of the Gillespie County Sheriff's Office or its agents pending further orders of this court for their care, safety and rehabilitation.

The Court hereby STAYS all further findings and orders that could be issued pursuant to Texas Health and Safety Code §821.023 pending any findings, instructions or orders as set forth by the Honorable Judge of the U.S. Bankruptcy Court, Western District of Texas, in Case Number 18-11027.

SIGNED this ⟨21st⟩ day of August, 2018.

Carl E. Schoessow
JUDGE PRESIDING
Carl Schoessow, Justice of the Peace, Pct. 2
Gillespie County

COPIES TO: Christopher G. Nevins, Gillespie County Attorney
Charles Tankersley
Nancy Tankersley:

Exhibit "D"
Copies of Invoices
Page 1 of 6

# Gillespie Livestock Company, Inc.

Box 454 — Fredericksburg, Texas 78624 — Phone 830-997-4394
Wayne Geistweidt                    Shaun Geistweidt
Residence Phone 830-997-2368     Residence Phone 830-992-2117
Sales: Sheep and Goats Tuesday — Cattle Wednesday
Bonded For Your Protection

Date  10-7-18

ACCOUNT OF  Gillespie Sheriff's Dept

| | | NAME | | ADDRESS | |
|---|---|---|---|---|---|

| HEAD | KIND | SELLER | WEIGHT | PRICE | AMOUNT |
|---|---|---|---|---|---|
| | 9 | Round Bales | | 85 - | 765 00 |
| | | Fed 8-30-18 thru 10-1-18 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | 2018-00003061 | | | |
| | | | | | |
| | | 1601 E. Main St. | | | |
| | | Fredericksburg, TX 78624 | | | |
| | | | | **TOTAL** | 765 00 |

NO GUARANTEE AGAINST SICKNESS, ACCIDENT OR DEATH. — WE ACT AS AGENTS ONLY.

DIETEL & SON PRINTING  830.997.8130

545

RECEIVED
OCT 08 2018
BY:

Exhibit "D"
Copies of Invoices
Page 2 of 6

751138

# STATEMENT

**DATE** 7-26-18  **TERMS**

TO Gillespie Co. Sheriff Dept

ADDRESS

IN ACCOUNT WITH
Rudy Schaefer
2082 Herber-Schaefer Rd
Fredericksburg Texas 78624

| | | | | | |
|---|---|---|---|---|---|
| | | Capture & Haul | | | |
| | | 3 horses | | | |
| | | 2 Donkeys | | | |
| | | 1 Cow | | | |
| | | 2 Calves | | | |
| | | to Gillespie Livestock | | | |
| | | And Hill Country Vet Center | | | |
| | | | | # 300 00 | |
| | | | | | |
| | | CASE | | | |
| | | 18-S003061 | | | |

DC5812

Exhibit "D"
Copies of Invoices
Page 3 of 6

751139

## STATEMENT

| DATE 8-3-18 | | TERMS |
|---|---|---|

TO _Gillespie Co. Sheriff Dept_
ADDRESS

IN ACCOUNT WITH _Rudy Schaefer_
_2082 Herber Schaefer Rd_
_Fbg    Tox    78624_

Hauling 1 Cow
1 Calf
From Hill Country
Vet Center to
Gillespie Livestock   # 75 00

Thanks

Case
18-500306-1

2018-000030161

Adams DC5812

Exhibit "D"
Copies of Invoices
Page 4 of 6

# Gillespie Livestock Company, Inc.

Box 454 — Fredericksburg, Texas 78624 — Phone 830-997-4394
Wayne Geistweidt                    Shaun Geistweidt
Residence Phone 830-997-2368        Residence Phone 830-992-2117
Sales: Sheep and Goats Tuesday — Cattle Wednesday
Bonded For Your Protection

Date 9-4-18

ACCOUNT OF Gillespie Co. Sheriff Dept

| HEAD | KIND | SELLER | WEIGHT | PRICE | | AMOUNT | |
|------|------|--------|--------|-------|---|--------|---|
|  | 11 | Round Bales |  | 85 | — | 935 | — |
|  |  | Feed Through | 8-31-18 |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  | 1601 E. Main St |  |  |  |  |  |
|  |  | Fredricksburg, TX 78624 |  |  |  |  |  |
| 2018-0000306/ |  |  | TOTAL |  |  | 935 | 00 |

NO GUARANTEE AGAINST SICKNESS, ACCIDENT OR DEATH. — WE ACT AS AGENTS ONLY.

DIETEL & SON PRINTING 830.997.8130



**Exhibit "D"**
Copies of Invoices
Page 5 of 6

GILLESPIE CNTY. SHERIFF'S OFFFICE
1601 E. MAIN ST
Fredericksburg, TX 78624

2018 -0000S061

2257 S State Hwy 16
Fredericksburg, TX 78624
(830) 997-9576

## GILLESPIE CNTY. SHERIFF'S OFFFICE - Account Balance - $262.00 - 8/31/2018

### Account Summary

| Description | Invoice Total | Amount Paid | Amount Due |
|---|---|---|---|
| 8/14/2018 - Invoice # 102628 | $262.00 | $0.00 | $262.00 |
| Total | $262.00 | $0.00 | $262.00 |

| Invoice Number | 102628 |
|---|---|
| Date | 8/14/2018 |
| Invoice Total | $262.00 |
| Amount Paid | $0.00 |
| Amount Due | $262.00 |

| Patient | Provider | Description | Date | Quantity | Subtotal | Tax | Total |
|---|---|---|---|---|---|---|---|
| HORSE | Amy Jo Pilmer, D.V.M. | COGGINS AGID | 8/14/2018 | 5 | $150.00 | 0 | $150.00 |
| HORSE | Amy Jo Pilmer, D.V.M. | BOARD LARGE ANIMAL | 8/14/2018 | 5 | $90.00 | 0 | $90.00 |
| HORSE | Amy Jo Pilmer, D.V.M. | NG TUBE W/ ELECTROLYTES | 8/14/2018 | 1 | $22.00 | 0 | $22.00 |
| **Invoice Total** | | | | | **$262.00** | **$0.00** | **$262.00** |
| **Amount Paid** | | | | | | | **$0.00** |
| **Amount Remaining** | | | | | | | **$262.00** |

GILLESPIE CNTY. SHERIFF'S OFFFICE - Account Balance - $262.00 - 8/31/2018 7:11 PM